

**111 TOWN SQUARE PL., SUITE 400 • JERSEY CITY, NEW JERSEY 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS**
**WWW.IFIGHTFORYOURRIGHTS.COM**

August 13, 2025

*Via E-File*
Hon. Robert W. Lehrburger
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

The application is denied without prejudice to renew if and when the mediation concludes without resolution.

SO ORDERED:

8/22/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re: **Rutt et al. v. Rotana Media Services Holding, et al.**
<u>**Civil Action No. 1:24-cv-08570-VSB-RWL**</u>

Dear Judge Lehrburger:

    This office represents the Plaintiffs in the above-referenced action. We write to respectfully update the Court that the parties have agreed to private mediation scheduled for October 15, 2025, and to request a conditional modification of the current discovery stay. Specifically, Plaintiffs request that the existing stay remain in effect through the upcoming mediation, but that it be lifted if the mediation concludes without resolution. This approach will promote efficiency by allowing the parties to focus on settlement efforts, while ensuring that the case can proceed without further delay should mediation not succeed.

    As the Court may recall, Plaintiffs opposed Defendants' request for a discovery stay (ECF Doc. 37). In that letter, Plaintiffs previewed why a blanket stay of discovery pending Defendants' motion to dismiss should not be granted. Plaintiffs noted that they were still gathering information to oppose the motion and as shown in the opposition have more than a colorable basis for their claims. Discovery would not prejudice Rotana or unduly delay the case. Plaintiffs have since filed the opposition brief (ECF Doc. 44), which elaborates on the merits and underscores the necessity of discovery to prosecute those claims. In light of the developments since June, including the completion of motion to dismiss briefing and the scheduling of mediation, we respectfully submit that good cause exists to maintain the stay only until the mediation and then lift it if the case is not resolved, shown as follows:

    **I.**    **Plaintiffs' claims are strong and plausible.**

    Plaintiffs' First Amended Complaint ("FAC") and opposition papers demonstrate a high likelihood that their claims will survive the motion to dismiss on the merits. Plaintiffs have sufficiently pleaded multiple causes of action based on Defendants' unauthorized exploitation of the master sound recording of "Samba Dees There"– including for copyright infringement (a cause of action that UK courts will not adjudicate because they lack jurisdiction to enforce U.S. copyright laws, meaning Plaintiffs may be permanently deprived of any forum to vindicate these claims if this case were dismissed or transferred there ), breach of contract, tortious

interference, unjust enrichment, and fraud. For example, Plaintiffs allege that Plaintiff Bellapaisiotis, co-owner of the master recording, was not a party to any of the prior agreements Defendants invoke, meaning he never granted rights in the master recording to Defendants. Moreover, none of those agreements expressly authorized Defendants' use of the original master recording at issue, which is the core of Plaintiffs' infringement claims. Defendants' claim that this issue was first raised through UK counsel in 2024 is false; Plaintiffs have proof that it was directly raised it with Rotana's counsel in 2023 who responded by requesting proposed terms for a master rights license. In short, Plaintiffs have more than a "plausible" case on the merits, and the opposition brief explains in detail why Defendants' motion should be denied in its entirety. Given the strength and plausibility of Plaintiffs' claims, a prolonged stay of discovery prejudices Plaintiffs' claims; allowing discovery to proceed after mediation will enable Plaintiffs to gather evidence in support of their well-founded claims without awaiting a decision on the motion to dismiss.

    **II.    Defendants' reply papers highlight factual disputes and misrepresentations that warrant discovery.**

Defendants' Reply submission, particularly the Reply Declaration of Dr. Walid Arab Hashem (ECF Doc. 45), contains several factual assertions that Plaintiffs believe are misleading or incorrect, underscoring the need for prompt discovery. For example, Dr. Hashem's declaration baldly asserts that Defendants "do not receive royalties from YouTube" for the Show at issue and that the Show has "virtually no viewership in New York, or elsewhere in the United States," with viewership purportedly "almost exclusively in the Middle East". These arbitrary, sweeping factual conclusions conflict with Plaintiffs' information and the reasonable inferences from Rotana's extensive distribution of content on U.S. platforms. Plaintiffs vigorously dispute Defendants' characterization of their U.S. commercial footprint. Such factual misrepresentations confirm that there are material facts in dispute that warrant discovery, including, but not limited to, the wrong 2024 timeline, and Defendants' inconsistent statements about New York viewership. This shift from claiming in their motion to dismiss that the videos were removed to now admitting they remain globally available, just "not targeted" to New York, is a tacit concession that directly contradicts their earlier representation. Accordingly, if the mediation does not resolve this case, the stay should be lifted so that the parties can commence discovery and develop an evidentiary record to either prove or refute Defendants' factual contentions.

To the extent Defendants' Reply declarations have introduced new evidence or contentions outside the pleadings, Plaintiffs respectfully reserve the right to seek leave to file a narrowly tailored Sur-Reply or evidentiary submission to rebut any materially disputed assertions. Plaintiffs prefer to address these issues through orderly discovery but also note their existence to highlight why further delay is inappropriate.

    **III.    Lifting the stay after mediation would not burden Defendants, given their substantial U.S. ties.**

Rotana maintains extensive ties to the U.S. and New York, such that participating in discovery here should pose little difficulty. Rotana has engaged in continuous business with major U.S. media companies (such as News Corp., Warner Music Group, and others), operates U.S. focused television channels (including "Rotana America" and other channels targeting the Arab-American diaspora), and broadcasts content (including the Show in question) via U.S. based platforms like YouTube and Dish Network. By deliberately distributing its content in the United States and partnering with U.S. entities, Rotana has effectively availed itself of the U.S. market,

and it is already reaping the benefits of U.S. commerce. Then it cannot credibly claim that responding to discovery in the same forum is an undue hardship. Modern e-discovery methods further mitigate any burden: the preservation and production of documents electronically is routine and not meaningfully hindered by physical location. Indeed, Rotana is represented by New York counsel in this action, underscoring that it has the resources and ability to litigate here. Keeping the stay in place would only serve to delay Plaintiffs' pursuit of their rights. Judicial economy is better served by permitting the case to move forward if mediation fails, rather than stay based on an unfounded claim of burden.

###  IV.   Discovery is necessary to clarify Rotana's corporate structure and ensure the correct parties are before the Court.

Thus far, Defendants have attempted to sow confusion about which Rotana entities are responsible for the copyright violations at issue. With their corporate name shell game, discovery is needed. For example, Defendants have suggested that "Rotana Media Group" is not actually a legal entity, even though Rotana Media Group is named as a Defendant, appears to operate as a media enterprise with hundreds of employees, and is described or named in numerous business articles including its own. Plaintiffs have presented evidence that Rotana Media Group and its affiliates function as an integrated enterprise, blurring the lines between the named corporate Defendants. There is a legitimate concern that Defendants are attempting to shield the true wrongdoer behind a complex corporate structure or semantic technicalities. Discovery will enable Plaintiffs to identify the proper relationships between Rotana Media Services Holding, Rotana TV Company, Rotana Media Group, and any related entities, and to determine which entity (or entities) should bear responsibility for the alleged infringements. Without discovery, Plaintiffs and the Court are left to rely solely on Defendants' self-serving declarations about their corporate structure, which have already proven ambiguous and contradictory. Allowing discovery to proceed post-mediation will thus help ensure that the correct parties are held to account and that any jurisdictional or liability questions tied to corporate status can be resolved on a factual record.

In addition, Plaintiffs note that several factual assertions in Defendants' motion papers (particularly in their Reply declarations) remain materially disputed. If, at the motion to dismiss stage, the Court were inclined to consider any of these new assertions, Plaintiffs respectfully request the opportunity to rebut them through a narrowly tailored Sur-Reply. Of course, under Rule 12(b)(6), the Court must accept Plaintiffs' allegations as true and may not resolve factual disputes based on contested materials outside the pleadings. We raise this point to emphasize that keeping discovery stayed in the face of such disputes would only prolong the litigation of issues that could be more efficiently addressed through limited discovery. The existence of these disputes highlights why promptly lifting the stay (if mediation is unsuccessful) is in the interest of fairness.

More broadly, Plaintiffs respectfully request that the Court enter an order maintaining the discovery stay in place through the October 15, 2025 mediation, and for the parties to file a joint status report by October 20, 2025.

We thank Your Honor for the Court's attention to this matter. Plaintiffs remain committed to resolving this dispute efficiently, whether through settlement or litigation, and we believe the above proposal strikes a fair balance. Should the Court require any further information or wish to discuss an appropriate pre-mediation or post-mediation case schedule, we are available at the Court's convenience.

           Respectfully submitted,

           */s/* Jason T. Brown
           Jason T. Brown
           Zijian "Coco" Guan

JTB

cc: All counsel of record (by ECF)